**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAWN REEPS, | : | CIVIL ACTION NO.: |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| SUMMIT STEEL & MANUFACTURING | : | |
| INC. and SUMMIT STEEL FABRICATING | : | |
| GROUP INC. | : | |
| *Defendants*. | : | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT:**

(a)    This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Dawn Reeps ("Plaintiff Reeps"), a former employee of Summit Steel & Manufacturing Inc. and Summit Steel Fabricating Group Inc. (collectively "Defendants" or "Summit Steel"), who has been harmed by the Defendant's discriminatory and retaliatory actions.

(b)    This action is brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.). and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

**II.    JURISDICTION AND VENUE:**

3.    The jurisdiction of this Court is invoked, and venue is proper pursuant to 28 U.S.C. §1331 and §1391 as Plaintiff Reeps's claims are substantively based on the ADA, and Title VII and a substantial part of the events giving rise to her claims occurred in this judicial district.

4.    The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Reeps's claims arising under the PHRA.

5.    All conditions precedent to the institution of this suit have been fulfilled and Plaintiff

1

Reeps has satisfied all other jurisdictional prerequisites to the maintenance of this action. On June 16, 2025 a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said Notice.

## III.    PARTIES:

6.    Plaintiff, Dawn Reeps ("Plaintiff Reeps"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein 562 Lancaster Court, Downingtown, PA 19335.

7.    Defendants Summit Steel & Manufacturing Inc. and Summit Steel Fabricating Group, Inc. (hereinafter collectively "Summit Steel") are corporations organized and existing under the laws of the State of Pennsylvania with a principal place of business of 1005 Patriot Parkway, Reading, Pennsylvania 19605.

8.    At all times relevant hereto, Defendants were acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.    At all times material herein, Defendant has been a "person" and "employer" as defined under the ADA, Title VII of the Civil Rights Act of 1964, and PHRA and is accordingly subject to the provisions of said acts.

10.    At all times material herein, Plaintiff Reeps was an "employee" within the meaning of the ADA and PHRA and an "eligible employee" as defined under Title VII and was entitled to the protections of the provisions of said acts.

## IV.    STATEMENT OF CLAIMS:

11.    Plaintiff Reeps worked as a Human Resource for Summit Steel.

12.    Plaintiff's position was advertised as flexible and she was never given set working hours.

2

13.    Plaintiff's performance during the course of her employment was exemplary.

14.    In her role as Human Resource Manager, Plaintiff would investigate any claims of harassment and/or discrimination made by employees.

15.    By way of background, on or about June 12, 2023, Defendants received a written complaint from an employee named Wayne Levan, a welder, on the day he resigned.

16.    Mr. Levan stated that he resigned from Summit Steel effective immediately and accused certain company employees of verbal and threatening abuse, harassment, racism, and operating heavy machinery under the influence of drugs.

17.    In her capacity as HR Manager and at the company's direction, Plaintiff conducted a full and complete investigation, which revealed a culture of favoritism, harassment, sabotage, racist remarks that the company covered up, and abuse.

18.    A total of 10 employees were interviewed, some of whom did not want their names included in the report for fear of harassment and retaliation.

19.    More specifically, Plaintiff's required report stated that there was a hostile work environment within the welding department that had gone unchecked by management. Gary Romig has reprimanded managers in the past for disciplining his friends in the department.

20.    As such, managers fear reprisal and do not take action to correct the environment as a direct result. Ms. Reeps reported that employees are not treated equally and that managers and employees have been intimidated and, therefore, silenced.

21.    Plaintiff further found that personnel files of prior employees were missing and there was a lack of notes on employees (all from before the start of Plaintiff's employment).

22.    Plaintiff found evidence of racist remarks from prior employees with no documentation or reprimand in these former employees' personnel files.

3

23. Plaintiff submitted the report with her findings of intimidation, unequal treatment, and a hostile work environment on June 16, 2023.

24. Defendants terminated her employment the following day using an invalid excuse regarding "attendance" as a pretext for the retaliation.

25. Additionally, even though Plaintiff completed a minimum of an 8 hour shift every work day, the company terminated her allegedly based on attendance.

26. Despite Plaintiff's position and job description being classified as having "flexible hours", Plaintiff arrived for her 8-hour workday around 10:00 a.m. for the past several weeks due to a health condition that affected her mobility.

27. Instead of engaging in the interactive practice under the Americans with Disabilities Act, as is required by the statute, the company terminated her employment for allegedly arriving late.

28. Not only were there no set hours for Plaintiff and not only did she work a minimum of a full 8 hours, Defendants disregarded her health issues and terminated her employment on June 17, 2023.

29. The anti-retaliation provision of Title VII protects those who participate in certain Title VII proceedings and those who oppose discrimination made unlawful by Title VII. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e–3(a).

30. *Americans with Disabilities Act of 1990* (ADA) 42 U.S.C. § 12112(a) et seq. makes it unlawful for an employer to discharge any qualified individual with a disability because of his or her disability.

31. Plaintiff is a resident of Pennsylvania, which has similar prohibitions under the *Pennsylvania Human Relations Act*.

32. With approximately 50-170 employees, Respondent is subject to both statutes.

33. Plaintiff Reeps believes, and therefore avers, that at all times relevant hereto, the Defendant terminated her because of her disability.

34. Plaintiff Reeps believes, and therefore avers, that at all times relevant hereto, the Defendant terminated her because of her engagement in a protected activity of participating in an investigation of discrimination in the workplace in in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.).

35. Plaintiff Reeps believes, and therefore avers, that Defendant's actions in terminating the Plaintiff Reeps from employment and in continuing to refuse to reinstate Plaintiff Reeps to employment constitutes retaliation against the Plaintiff Reeps for seeking to enforce her rights under state and federal law and such retaliation constitutes a violation of federal and state laws.

36. As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff Reeps has suffered and will continue to suffer damages and harm including loss of wages and other employment benefits as well as embarrassment, inconvenience, humiliation and other damages for which she is entitled to compensation.

37. Upon information and belief, Defendant has engaged in a pattern of forcing the resignation of numerous older and disabled employees.

38. Plaintiff Reeps believes and avers that Defendant actually terminated her employment based on her actual and/or perceived disabilities and/or record of impairments (depression and anxiety) and/or in retaliation for exercising her rights under the Title VII and/or in retaliation for requesting a reasonable accommodation for her disabilities.

**COUNT I**
**(ADA – Disability Discrimination, Failure to Accommodate,**
**Failure to Engage in the Interactive Process)**
**Plaintiff Reeps v. the Defendant**

39. Plaintiff Reeps incorporates by reference paragraphs 1 through 38 of this

Complaint as though fully set forth at length herein.

40.    The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Reeps to discrimination based on her actual and/or perceived disabilities and/or record of impairments, and failing to provide a reasonable accommodation for her disabilities and/or failing to engage in the interactive process, constituted violations of the ADA.

41.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Reeps has sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

42.    As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Reeps suffered severe emotional distress, embarrassment, humiliation, and loss of self- esteem.

**COUNT II**
**(ADA – Retaliation)**
**Plaintiff Reeps v. the Defendant**

43.    Plaintiff Reeps incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth at length herein.

44.    The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff Reeps for requesting a reasonable accommodation for her disabilities, ultimately resulting in the termination of her employment, constituted violations of the ADA.

45.    As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Reeps sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of

6

earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

46.    As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Reeps suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (Title VII)
### Plaintiff Reeps v. the Defendant

47.    Plaintiff Reeps incorporates by reference paragraphs 1 through 46 of this Complaint as though fully set forth at length herein.

48.    The actions of the Defendant, through its agents, servants and employees, in interfering with and/or restraining Plaintiff Reeps's ability to exercise her rights under the Title VII, and/or in retaliating against Plaintiff Reeps for exercising her rights under the Title VII, ultimately resulting in the termination of her employment, constituted a violation of the Title VII.

49.    The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith, and in reckless disregard of Plaintiff Reeps's rights.

50.    As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, Plaintiff Reeps has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT IV
### (PHRA – Disability Discrimination, Failure to Accommodate,
### Failure to Engage in the Interactive Process)
### Plaintiff Reeps v. the Defendant

51.    Plaintiff Reeps incorporates by reference paragraphs 1 through 50 of this Complaint as though fully set forth at length herein.

52.    The actions of the Defendant, through its agents, servants and employees, in subjecting

7

Plaintiff Reeps to discrimination based on her actual and/or perceived

disabilities and/or record of impairments and failing to provide a reasonable accommodation for her disabilities and/or failing to engage in the interactive process, constituted violations of the PHRA.

53.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Reeps has sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

54.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Reeps suffered severe emotional distress, embarrassment, humiliation, and loss of self- esteem.

## COUNT V
## (PHRA –Retaliation)
## Plaintiff Reeps v. the Defendant

55.     Plaintiff Reeps incorporates by reference paragraphs 1 through 54 of this Complaint as though fully set forth at length herein.

56.     The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff Reeps for requesting a reasonable accommodation for her disabilities, ultimately resulting in the termination of her employment, constituted violations of the PHRA.

57.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Reeps sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus value of certain benefits, plus loss of future earning power, plus back pay, and front

pay, and interest due thereon.

58.    As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Reeps suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**PRAYER FOR RELIEF**

59.    Plaintiff Reeps incorporates by reference paragraphs 1 through 58 of this Complaint as though fully set forth at length herein.

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.)., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

(b)    enjoining and permanently restraining the violations alleged herein;

(c)    entering judgment against Defendant and in favor of the Plaintiff in an amount to be determined;

(d)    awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or  may suffer as a result of Defendants' improper conduct;

(e)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

9

(f)    awarding Plaintiff back pay;

(g)    awarding Plaintiff front pay;

(h)    awarding Plaintiff such other damages as are appropriate under the ADA, Title VII and the PHRA;

(i)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(j)    granting such other and further relief as this Court may deem just, proper, or equitable, including other equitable and injunctive relief, providing restitution for past violations, and preventing future violations.

## JURY DEMAND

Plaintiff Reeps demands a trial by jury.

**LAMB McERLANE**

By: _Jake D. Becker_
    Jake D. Becker, Esq.
    Attorney I.D. No.: 315818
    24 East Market Street
    West Chester, PA 19381
    610-430-8000
    jbecker@lambmcerlane.com

Dated: September 12, 2025

<u>VERIFICATION</u>

I, Dawn Reeps, verify and affirm that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief based upon information I received from my client. I understand that false statements made herein are made subject to the penalties of 18 Pa.C.S.A §4904 relating to unsworn falsification to authorities.

Date: 9/12/2025

DocuSigned by:

95EEDA979C304A9...

Dawn Reeps